# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1054V
(not to be published)

| | |
|---|---|
| DEIRDRE MAGUIRE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: October 29, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Sylvia Chin-Caplan, Law Office of Sylvia Chin-Caplan, LLC, Boston, MA,* for Petitioner.

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On July 22, 2019, Deirdre Maguire filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder bursitis, subacromial tendinitis and associated sequelae, or a Shoulder Injury Related to Vaccine Administration as a result of her September 27, 2016 influenza vaccination. (Petition at 1). On February 4, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 35).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 3, 2021, Petitioner filed a motion for leave to file application for final fees and costs (ECF No. 42) and a motion for attorneys' fees and costs. (ECF No. 41). Petitioner requests attorney's fees in the amount of $36,818.50, and costs in the amount of $284.50. (Id. at 1). In compliance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred out-of-pocket expenses in the amount of $400.00. (ECF No. 45). Thus, the total amount requested is $37,503.00.

On September 15, 2021, Respondent filed his response to Petitioner's motion. (ECF No. 43). Respondent defers determining whether a fees award is appropriate to my discretion, but adds that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 3). On September 20, 2021, Petitioner filed a reply requesting the Court allow her to file her fee application out of time (since it was filed more than six months after judgment), and grant her application for final attorneys' fees and costs in this matter. (ECF No. 44 at 2).

Notwithstanding that Petitioner's application for fees and costs is approximately 24 days out of time, I find that counsel's explanation for the delay (confusion regarding a correct decision being filed versus the original decision being filed) is reasonable, and note as well that the delay was not protracted. *See,* e.g*., Turner v. Sec'y Health & Human Servs*., No. 99-544V, 2007 WL 4410030, at *13 (Fed. Cl. Spec. Mstr. Nov. 30, 2007)(awarding attorneys' fees and costs despite the application having been filed one month after the expiration of the 180 day deadline under Vaccine Rule 13); *but see also Verity v. Sec'y Health & Human Servs*., No. 11-106V, 2017 WL 1709709 (Fed. Cl. Spec. Mstr. Mar. 13, 2017) (denying an application for attorneys' fees and costs filed nearly three years late and without a reasonable explanation for the failure to timely file).

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $37,503.00[3] as follows:**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $37,103.00, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel; and**

- **A lump sum of $400.00, representing reimbursement for petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.